IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN RE ASBESTOS LITIGATION
§
§ No. 387, 2016
WAYNE R. REED, INDIVIDUALLY and AS §
THE EXECUTOR OF THE ESTATE OF §  Court Below: Superior Court
BARBARA REED, DECEASED, and AMY §  of the State of Delaware
RHODES and COURTNEY REED, AS §
SURVIVING CHILDREN, §  C.A. No. 13C-11-188
§
  Plaintiffs Below §
  Appellants, §
§
  v. §
§
ASBESTOS CORPORATION LIMITED, §
BAYER CROPSCIENCE, INC., CHARLES §
A. WAGNER CO., INC., NOSROC §
CORPORATION, and COUNTY §
INSULATION COMPANY, §
§
  Defendants Below, §
  Appellees. §

Submitted: January 25, 2017
Decided: February 6, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

# **O R D E R**

(1)     This is an appeal from the Superior Court's orders granting summary judgment in favor of the five remaining defendants in a take-home asbestos exposure action. As to Nosroc Corporation, County Insulation Company, Asbestos Corporation Limited, and Charles Wagner Company, Inc., although the Superior Court relied in part on an issue that those defendants did not fairly put in contest—

whether there was evidence of friability—the plaintiffs[1] did not produce evidence from which a jury could reasonably infer, without speculation,[2] that Barbara Reed's father and former husband were in specific proximity to the products at issue at the time they were being used. Thus, the Superior Court was correct to grant summary judgment.[3]

(2) The final defendant, Bayer Cropscience, Inc., properly raised the issue of friability. The plaintiffs failed to produce evidence from which a jury could reasonably infer, without speculation, that Barbara Reed's father was in specific proximity to the products distributed by Bayer at a time when they were friable,

---

[1] Barbara Reed and her husband, Wayne Reed, were the original plaintiffs in this case. After this suit was filed, Barbara Reed died of pleural mesothelioma. Reed's daughters were then added as plaintiffs to this litigation.

[2] "The presumption afforded the non-moving party in the summary judgment analysis is not absolute. The Court must decline to draw an inference for the non-moving party if the record is devoid of facts upon which the inference reasonably can be based. Where there is no precedent fact, there can be no inference; an inference cannot flow from the nonexistence of a fact, or from a complete absence of evidence as to the particular fact. Nor can an inference be based on surmise, speculation, conjecture, or guess, or on imagination or supposition." *In re Asbestos Litig.*, 2012 WL 1408982, at \*2 (Del. Super. Apr. 2, 2012) (quoting *In re Asbestos Litig.*, 2007 WL 1651968, at \*17 (Del. Super. May 31, 2007)); *see also Gannett Co. v. Kanaga*, 750 A.2d 1174, 1188 (Del. 2000) ("While the plaintiff is entitled to the benefit of reasonable inferences from established facts, the jury cannot supply any omission by speculation or conjecture."); *Timblin v. Kent Gen. Hosp. (Inc.)*, 640 A.2d 1021, 1026 (Del. 1994) ("While a jury may draw inferences from the facts of a case, those inferences may not be based upon speculation.").

[3] "To defeat summary judgment in a case where the plaintiff himself is not able to establish exposure, a co-worker must be able to place the plaintiff in the vicinity of a specific location on the defendant's property, at a specific time, where friable asbestos is present." 2007 WL 1651968, at \*20.

and thus, the Superior Court's ruling was proper. Therefore, we affirm its judgment of July 6, 2016.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is hereby AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[4] *Reed v. Nosroc Corp., et al.*, C.A. No. N13C-11-188 (Del. Super. July 6, 2016) (ORDER) (granting summary judgment in four separate orders).